ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| GERARDO E. TIRADO MENÉNDEZ, POR SÍ Y EN REPRESENTACIÓN DE ANA MARIE TIRADO MENÉNDEZ<br><br>PETICIONARIOS<br><br>v.<br><br>JOSÉ RAMÓN IZQUIERDO SANTIAGO Y OTROS<br><br>RECURRIDOS | KLCE202301452 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Número: SJ2022CV08956 (Salón 504)<br><br>Sobre: Desahucio |

Panel especial integrado por su presidenta, la Juez Ortiz Flores, el Juez Candelaria Rosa y el Juez Rodríguez Flores.[1]

Ortiz Flores, Jueza Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 14 de febrero de 2024.

Comparece la parte demandante Gerardo E. Tirado Menéndez por sí mismo y en representación de Ana Marie Tirado Menéndez (en adelante, peticionarios o arrendadores) mediante recurso de *certiorari* y nos solicitan que revoquemos la *Resolución* emitida por el Tribunal de Primera Instancia, Sala Superior de San Juan (en adelante, TPI) el 27 de noviembre de 2023 y notificada el 28 de noviembre del mismo año.

Adelantamos que denegamos expedir el auto de *certiorari*.

**I**

El 22 de octubre de 2022, los peticionarios presentaron una *Demanda* ante el TPI por desahucio y cobro de dinero como consecuencia de un alegado incumplimiento de contrato de arrendamiento por parte de José Ramón Izquierdo Santiago y Evelyn Rodríguez Echevarría (en adelante, recurridos o arrendatarios).[2] Luego de ciertos trámites procesales, las partes transigieron el pleito y el 6 de diciembre de 2022 redactaron un *Acuerdo de Transacción* (en adelante, Acuerdo). Este entonces fue aprobado por el TPI al día siguiente, 7 de diciembre de 2022,

---

[1] Orden Administrativa OAJP-2021-080 de 20 de julio de 2021, sobre designación de Paneles en el Tribunal de Apelaciones.
[2] Véase Apéndice I de la *Petición de Certiorari*, págs. 1-3.

Número Identificador
RES2024_____

y lo hizo formar parte íntegra de la *Sentencia* emitida ese mismo día.[3] En esencia, las partes extendieron por dos años más el contrato de arrendamiento firmado originalmente en 2019. Su vigencia sería entonces hasta el 30 de septiembre de 2023, los arrendatarios vivirían en la propiedad a cambio del pago de cánones de arrendamiento de $2,000.00 mensuales.[4] En el inciso n del mencionado Acuerdo, las partes estipularon lo siguiente:

> Con relación a la Fianza mencionada en el párrafo 8 del Contrato de Arrendamiento suscrito por las partes el 27 de septiembre de 2019, se dispone que la misma será acreditada al último mes de arrendamiento, por lo que dicho mes la parte demandada no tendrá que realizar pago alguno por concepto de canon de arrendamiento[.][5]

> En cuanto al párrafo 8 del Contrato de Arrendamiento, el cual se

hace alusión en el inciso citado, este lee como sigue:

> Los ARRENDATARIOS depositaron en manos del ARRENDADOR la suma de **$4,000** como FIANZA para responder por cualquier daño que los mismos ARRENDATARIOS causaren a la propiedad arrendada por motivo de su negligencia, abandono o descuido. Si los ARRENDATARIOS causaren daños a la propiedad se descontará de la fianza su importe y se devolverá a los ARRENDATARIOS la diferencia. Si los daños ocasionados a la propiedad fueran mayores, los ARRENDATARIOS se obligan y se comprometen a pagar la diferencia. Los ARRENDATARIOS no podrán acreditar la fianza a la renta atrasada, salvo pacto en contrario por escrito.[6]

Luego de adjudicado el caso, el 1 de octubre de 2023, los arrendatarios hicieron un pago erróneo por la cantidad de $2,000.00 la cual es la mensualidad de renta. Este pago no era necesario puesto que, tal y como se había pactado en el inciso n del Acuerdo, el mismo sería acreditado de la fianza entregada cuando se firmó el Contrato de Arrendamiento en 2019. Según surge del expediente, a raíz del error, los arrendatarios solicitaron el pago de vuelta y, **como resultado de una inspección llevada a cabo el 30 de septiembre de 2022 donde no se hallaron daños a la propiedad**,[7] exigieron también la devolución de la

---

[3] Véase Apéndice IV de la *Petición de Certiorari*, pág. 13.
[4] Véase Apéndice III de la *Petición de Certiorari*, págs. 10-11.
[5] *Id.*, pág. 12.
[6] Véase la Entrada Núm. 1 del expediente digital del Caso Núm. SJ2022CV08956 en el Sistema Unificado de Manejo y Administración de Casos (SUMAC), a la pág. 2 (Contrato de Arrendamiento, Parte III , inciso 8).
[7] Véase Apéndice V de la *Petición de Certiorari*, pág. 15.

diferencia de la fianza prestada luego de acreditada la mensualidad según el Acuerdo. En cambio, los arrendadores se negaron. Plantearon que las partes expresamente acordaron que el último mes de renta sustituía la devolución de la fianza en su totalidad,[8] por lo que no les correspondía devolver la fianza, resultando en que la mensualidad del último mes fuese equivalente a $4,000.00. Como consecuencia de esta discrepancia entre las partes, los arrendatarios acudieron al TPI mediante *Urgente Solicitud de Desacato*.[9] Luego de una prórroga concedida por el TPI a los arrendadores, estos no sometieron una oposición a la solicitud presentada por los arrendatarios, por lo que el TPI concedió adicionalmente 5 días finales para que comparecieran. De transcurrir ese término ordenó a los arrendatarios a presentar un proyecto de orden.

El término transcurrió y los peticionarios no comparecieron, por tal motivo, el 9 de noviembre de 2023 sometieron el proyecto de resolución ordenado. Los peticionarios entonces se opusieron a este proyecto mediante *Oposición a Moción en Cumplimiento de Orden* donde además plantearon una nueva alegación con relación a la devolución de propiedad inmueble a pesar de tratarse de un procedimiento post sentencia.[10] El TPI declaró No Ha Lugar la moción de oposición el 28 de noviembre de 2023. Este mismo día el TPI también aprobó el proyecto de resolución presentado por los arrendatarios donde se condenó a los arrendadores a devolver $4,000.00 que incluyen la diferencia de la fianza y el pago erróneo. También impuso $1,000.00 en concepto de honorarios de abogado por temeridad al concluir que los peticionarios intentaron retener una suma de dinero que no les correspondía e incumplir con el Acuerdo al que se obligaron libremente.[11]

Inconformes, los peticionarios acuden ante nosotros y alegan que el TPI cometió los siguientes errores:

---

[8] Véase *Petición de Certiorari*, pág. 9.
[9] Véase Apéndice V de la *Petición de Certiorari*, págs. 14-17.
[10] Véase Apéndice VI de la *Petición de Certiorari*, págs. 18-21.
[11] Véase Apéndice VIII de la *Petición de Certiorari*, págs. 24-25.

1. Erró el Tribunal de Primera Instancia al ordenar a la peticionaria devolver la fianza cuando las partes acordaron lo contrario y el propio tribunal dictó sentencia aprobando ese hecho como acuerdo.

2. Erró el Tribunal de Primera Instancia al no atender la solicitud de devolución de la propiedad a la peticionaria.

El 26 de enero de 2024, los recurridos sometieron su *Alegato en oposición a Petición de Certiorari*. Con el beneficio de la comparecencia de ambas partes, resolvemos.

**II**

El auto de *certiorari* es el vehículo procesal extraordinario "que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior." *IG Builders v. BBVAPR*, 185 DPR 307, 337-338 (2012), que cita a *Pueblo v. Díaz de León*, 176 DPR 913, 917 (2009); *García v. Padró*, 165 DPR 324, 334 (2005). Se trata de un recurso discrecional, para el cual existen unos parámetros que sirven de guía al momento de decidir si debemos expedir o denegar el auto. *IG Builders v. BBVAPR*, *supra*. De esta forma, el asunto que se nos plantee en el recurso de *certiorari* debe tener cabida dentro de alguna de las materias reconocidas en la Regla 52.1 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1 (Regla 52.1), la cual dispone, en lo pertinente, como sigue:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. […].

Sin embargo, las resoluciones post sentencia no están comprendidas de forma expresa bajo alguno de los incisos de la Regla 52.1, por lo que los recursos de *certiorari* sobre estas deben evaluarse bajo

los parámetros establecidos en la Regla 40 de nuestro Reglamento, 4 L.P.R.A. Ap. XXII-B, R. 40 (Regla 40). Sobre este particular, el Tribunal Supremo de Puerto Rico expresó lo siguiente:

> La Regla 40 […] adquiere mayor relevancia en situaciones como la presente en que, de ordinario, no están disponibles métodos alternos para asegurar la revisión de la determinación cuestionada. **Las resoluciones atinentes a asuntos postsentencia no se encuentran comprendidas entre aquellas determinaciones de naturaleza interlocutoria categóricamente sujetas a escrutinio mediante el recurso de *certiorari*.** De otra parte, por emitirse este tipo de decisión luego de dictada la sentencia, usualmente tampoco cualifica para el recurso de apelación provisto para dictámenes judiciales finales. Se corre el riesgo, por lo tanto, de que fallos erróneos nunca se vean sujetos a examen judicial simplemente porque ocurren en una etapa tardía en el proceso, tal como lo es la ejecución de sentencia. 185 DPR, pág. 339. (Énfasis nuestro.)

Por lo tanto, un recurso de *certiorari* que nos solicita la revisión de una resolución post sentencia debe ser sometido únicamente a nuestro examen tradicional caracterizado por la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos. La Regla 40 esboza los siete criterios que el tribunal tomará en consideración al determinar la expedición de un auto de *certiorari*. Estos son:

> A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
> B. Si la situación de hechos planteada es la más indicada para el análisis del problema.
> C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
> D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
> E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
> F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
> G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Está claro que debemos evaluar un recurso de *certiorari* sobre una resolución post sentencia bajo los criterios de la citada regla, toda vez que la etapa del procedimiento en que se presenta el recurso es la más propicia e indispensable para su consideración en los méritos, **de ser necesario**.

De no evaluarse el recurso en esta etapa de los procedimientos, el asunto quedaría sin posibilidad de revisión apelativa.

Por otro lado, los foros apelativos "no debemos intervenir con el ejercicio de la discreción de los foros de instancia, salvo que se demuestre que hubo un craso abuso de discreción, perjuicio, error manifiesto o parcialidad." *Trans-Oceanic Life Ins. v. Oracle Corp.*, 184 DPR 689, 709 (2012), que cita a *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986). Asimismo, con relación a determinaciones interlocutorias discrecionales procesales, no debemos sustituir nuestro criterio por el ejercicio de discreción del tribunal de instancia, "salvo cuando dicho foro haya incurrido en arbitrariedad o craso abuso de discreción." *Meléndez v. Caribbean Int´l News*, 151 DPR 649, 664 (2000).

Finalmente, es norma reiterada que al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

**III**

Los peticionarios recurren de una *Resolución* donde el TPI ordena la devolución del pago emitido erróneamente en concepto de canon de arrendamiento y la diferencia de una fianza. Además, impone el pago de $1,000.00 en concepto de honorarios de abogado al determinar que los peticionarios obraron con temeridad.

Nos encontramos ante una situación donde **la resolución recurrida es un remedio post sentencia** sobre una solicitud de desacato por un reclamo de devolución de fianza, conforme a lo dispuesto en la sentencia final y firme emitida por el TPI, la cual acogió y aprobó un Acuerdo de Transacción que dispuso de un pleito de desahucio entre las partes. Es decir, se recurre de una resolución revisable mediante el recurso de *certiorari*.

Evaluada la resolución recurrida, esta no cumple con los criterios antes esbozados de la Regla 40, *supra*. Reiteramos que, los tribunales apelativos no debemos intervenir con las determinaciones de los tribunales

primarios, salvo que se demuestre un claro abuso de discreción, perjuicio, error manifiesto o parcialidad. *Trans-Oceanic Life Ins. v. Oracle Corp.*, *supra*. De un examen del expediente ante nuestra consideración, no vemos que el TPI haya incurrido en un abuso de discreción durante el trámite post-sentencia del caso o que este haya actuado bajo prejuicio o parcialidad que acarree un fracaso de la justicia. Además, tampoco se demostró conforme a derecho que el foro recurrido se haya equivocado en la interpretación o aplicación de una norma procesal y que, intervenir en esta etapa, evitaría un perjuicio sustancial contra el peticionario. Consecuentemente, al amparo de la Regla 40 de nuestro Reglamento, y en el ejercicio de nuestra discreción denegamos la expedición del auto de *certiorari*.

**IV**

Por lo antes expuesto, denegamos la expedición del auto de *certiorari* solicitado.

**Notifíquese.**

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

El Juez Rodríguez Flores disiente con la siguiente expresión: Muy respetuosamente, entiendo que el foro primario actuó sin jurisdicción al dictar la Resolución del **27 de noviembre de 2023**. En dicha Resolución como trámite post sentencia, el foro recurrido interpretó ciertas cláusulas del acuerdo de transacción, adjudicó sumariamente que hubo un incumplimiento del acuerdo, ordenó la devolución de la fianza e impuso honorarios de abogados, aproximadamente once meses después de haberse dictado la Sentencia del **7 de diciembre de 2022**.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones